UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME WINFIELD, | CASE NO. C12-861 MJP |
| Plaintiff, | ORDER DENYING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| PACIFIC LONGLINE COMPANY LLC, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant's motion for summary judgment. (Dkt. No. 13.) The Court has considered the motion, response (Dkt. No. 17), reply (Dkt. No. 20), and all related documents. Due to the many contested issues of fact in this case, the Court DENIES the motion.

**Background**

Plaintiff Jerome Winfield brings this case stemming from an injury sustained while working on the vessel F/V Deep Pacific, owned by Defendants Pacific Longline Company,

American Seafoods Group, and Deep Pacific. (Dkt. No. 1 at 2.) Winfield alleges his initial injury was sustained on July 25, 2009, when a rogue wave hit the Deep Pacific while he was holding a gear rack in preparation for loading the ship's automatic baiter, causing him to hyperextend his wrists. (Id. at 3.) He says he heard the captain warn of a rogue wave, but he could not make out the warning at the time because loud music was playing in his work area. (Dkt. No. 17 at 4.) Winfield failed to brace himself and was injured. (Id.)

Winfield contends he reported his injury to his captain and was given ibuprofen and naproxen, but no other medical aid despite his repeated reporting throughout the remainder of the voyage. He claims he told the captain exactly what happened. (Dkt. No. 17 at 5.) Winfield also says he complained to everyone in the crew, and all were aware of his injuries. (Id.) Winfield was not provided with light duty work, and was not provided with wrist braces or other medical care beyond the painkillers. (Id. at 23.) An accident report was filled out August 16, 2009, 20 minutes prior to Winfield leaving the boat. (Id. at 6.) Winfield was later diagnosed with bilateral carpal tunnel syndrome and cervical neck strain/degenerative disc syndrome, which his treating physician says resulted from the July 25, 2009 work injury. (Dkt. No. 17 at 12.) His doctor says he cannot return to work and may require future surgery. (Id. at 13.) He was provided with maintenance and cure by his employers until August 2010. (Id.)

Winfield brings a Jones Act claim for negligence against Defendants, as well as an unseaworthiness claim. (Dkt. No. 1 at 3-6.) Defendants move for summary judgment on all claims. (Dkt. No. 13.)  They argue there was no rouge wave and no evidence of a rogue wave. (Dkt. No. 13 at 12.) Plaintniff's testimony on this point, they argue, has been inconsistent and is uncorroborated. (Dkt. No. 20 at 2.) Even if there was a rogue wave, they argue, Plaintiff is alleging the captain properly navigated the wave and rough weather is a "self evident" element

1  of fishing in Alaska, where Winfield is an experienced fisherman, so there is no Jones Act

2  liability. (Dkt. No. 13 at 12.) Defendants contend Winfield's injuries were not the result of the

3  vessel's unseaworthiness, because no defect or problem with the vessel equipment or

4  maintenance is alleged. (Id. at 14.)

5      In regards to treatment of the injury, Defendants argue the captain acted appropriately in

6  giving over the counter medications, and there is no evidence Plaintiff made any continuing

7  complaints of pain warranting further action. (Dkt. No. 20 at 7.) Finally, they contend no further

8  maintenance or cure is owed because Winfield has reached the point where further treatment will

9  not improve his physical condition, or maximum medical improvement (MMI), and this is where

10 their obligation to provide maintenance and cure ends. (Id. at 12.)

**Discussion/Analysis**

A.  Summary Judgment Standard

Summary judgment is warranted if no material issue of fact exists for trial.  Warren v. City of

Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).  The underlying

facts are viewed in the light most favorable to the party opposing the motion.  Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary judgment will not lie if .

. . the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary

judgment has the burden to show initially the absence of a genuine issue concerning any material

fact.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).  If the moving party makes this

showing, the burden shifts to the nonmoving party to establish the existence of an issue of fact

regarding an element essential to that party's case, and on which that party will bear the burden

of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT- 3

B.  Jones Act: Negligence

The Jones Act provides seamen a cause of action for negligence against their employer. 46 U.S.C. §30104 (2006). The elements required to establish a Jones Act negligence claim are duty, breach, notice, and causation. Ribitzki v. Canmar Reading & Bates, 111 F.3d 658, 662 (9th Cir. 1997). To recover under the Jones Act, the seaman must "establish that his employer… was the cause, however slight, of his injuries." Id. The employer's duty of care is one of ordinary prudence. Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997). An employer is on notice when the employer or its agents knew or should have known of the unsafe condition that is alleged to have caused the employee's injuries. Ribitzki, 111 F.3d at 663. Proof of causation requires showing the employer's negligence played any part, however small, in producing the seaman's injuries. Id. at 662.

Nearly every material fact going to whether or not Defendants' were negligent in this case is disputed, making summary judgment inappropriate. The parties disagree on whether a rogue wave hit the boat, whether loud music prevented Winfield from hearing a warning, whether Winfield fell, and whether Winfield made known to the captain and crew the severity of his injuries during the voyage such that additional medical care should have been provided. (Dkt. Nos. 13, 17 and 20.) Neither party produces dispositive evidence of the facts. While Defendants make much of Winfield's testimony being uncorroborated and self-serving, they produce little to show their version of the events is the only and undisputable version. Defendants' only real conflicting evidence is the testimony of Winfield's crewmate, Dennis Grafting. (Dkt. No. 15-2.) Grafting said he was working in close quarters with Winfield and did not see him fall. (Id. at 17.) He says he does not recall a rogue wave and does not recall Winfield complaining of an injury

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT- 4

related to a rogue wave. (<u>Id</u>.) He does not say Winfield was not injured, or if he was, that Winfield's injuries were handled appropriately.

Defendants argue Winfield's account of the facts conflicts with the accident report. (Dkt. No. 20 at 4.) Defendants are correct that the accident report does not describe a rogue wave, but the sparsely filled out document does not conflict with Winfield's account of the facts. (Dkt. 14-1 at 2.) The report is largely silent on the accident's back story and is completely silent as to the medical care Winfield required or received. (<u>Id</u>.) With the facts unclear and heavily contested, summary judgment is not appropriate and is DENIED.

C.  <u>Unseaworthiness</u>

To make a claim a vessel is unseaworthy, a Plaintiff must show (1) the warranty of seaworthiness is extended to himself and his duties, (2) his injury was caused by a piece of the ship's equipment or an appurtenant appliance, (3) the equipment used was not reasonably fit for its intended use, and (4) the unseaworthy condition proximately caused his injuries. <u>Ribitzki</u>, 111 F.3d at 664. A ship owner has an absolute duty to furnish a seaworthy ship, and a ship may be unseaworthy due to any number of circumstances, including insufficient numbers of people assigned to a task or a defect in the ship or ship's equipment. <u>Id</u> The doctrine of unseaworthiness extends to the crew as well as the ship. <u>Peterson v. United States</u>, 224 F.2d 748, 750 (9th Cir. 1955). Although the crew need not be competent to meet all contingencies, it must be "equal in disposition and seamanship to the ordinary men in the calling." <u>Id</u>

Plaintiff argues the ship was unseaworthy for failure to provide a sufficient and competent crew, failure to provide necessary assistance, failure to provide a reasonable work schedule, and failure to provide necessary and timely medical assistance. (Dkt. No. 1 at 5.) Because Winfield alleges he made known to the crew the severity of his pain and injuries and the crew acted

1    incompetently in not calling for medical advice or providing medical assistance beyond over the

2    counter drugs, he makes a viable claim for unseaworthiness due to an inadequate or incompetent

3    crew. (Id.) There is an open question of material fact as to whether Plaintiff made his injuries

4    known and whether the captain and crew appropriately responded. Summary judgment is

5    DENIED due to the open questions of fact.

6                                      **Conclusion**

7         The facts of this case are almost entirely disputed. Because multiple issues of material

8    fact are in conflict, summary judgment is DENIED.

9

10         The clerk is ordered to provide copies of this order to all counsel.

11         Dated this 14th day of March, 2013.

12

13

14                                Marsha J. Pechman

15                                Chief United States District Judge

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT- 6